GARSAUD, Judge.
We hereby grant a writ of certiorari in this matter to review the denial of discovery to defendant by the trial court. Pursuant to the provisions of Article 1461 of the Code of Civil Procedure, defendant Aaron M. Kohn filed a request for production of documents, directed to plaintiff, Louis J. Roussel. At the same time, defendant had a subpoena duces tecum issued to the National American Bank to produce various papers and records in their possession. Both Roussel and the National American Bank filed motions to quash. After a contradictory hearing, the trial court maintained the motion to quash insofar as it related to two portions of the request for production addressed to Mr. Roussel, and maintained the motion of the National American Bank in toto. After review, it appears necessary to modify the trial court’s order and to require the production of certain documents requested from Rous-sel, and to require the oral deposition of and the production of certain documents by the National American Bank.
Louis J. Roussel sued the Oklahoma Publishing Company and Aaron Kohn for defamation contained in certain publications owned by the corporate defendant. The allegedly defamatory statement was based on an interview by a reporter of the Oklahoma newspaper with Aaron Kohn. Defendant Kohn contends that production of the documents is necessary for the defense of this lawsuit. This assertion is not denied by the respondents herein.
Concerning production of documents from Roussel, only two specific requests are still at issue. These requests were as follows:
(1) “Copies of all affidavits, depositions, exhibits, proposed exhibits, and reports of investigations prepared or obtained by you or your counsel or otherwise available to you arising out of or connected with the proceedings before the Board of Governors of the Federal Reserve System styled ‘In the Matter of Louis J. Roussel and Louie J. Roussel, III, Officers and Directors, National American Bank of New Orleans, Louisiana,’ to which proceedings reference is made in the complaint filed by you in Civil Action No. 75-1044 on the docket of the United States District Court of the Eastern District of Louisiana.”
(2) “Copies of all affidavits, depositions, exhibits, proposed exhibits, and investigative reports prepared or obtained by you or your counsel or otherwise available to you arising out of or connected with the matter entitled ‘C. Ellis Henican v. Louis J. Roussel, et a 1.,’ Civil Action No. 69-2898 on the docket of the United States District Court for the Eastern District of Louisiana.”
The proceedings before the Board of Governors for the Federal Reserve System, referred to in the first request above, are in the nature of a private hearing, according to the provisions of 12 U.S.C. § 1818(h)(1), which provides in pertinent part as follows:
“Any hearing provided for in this section shall be held in the Federal judicial district or in the territory in which the home office of the bank is located unless the party afforded the hearing consents to another place, and shall be conducted in accordance with provisions of chapter 5 of Title 5. Such hearing shall be private, unless the appropriate Federal banking agency, in its discretion, after fully considering the views of the party afforded the hearing, determines that a public hearing is necessary to protect the public interest.”
See also the legislative history of this statute at 3 U.S.Cong. & Admin.News ’66-3539.
*282 The hearings referred to are hearings for the removal of a bank officer and, in the instant case, are alleged to have contained allegations of dishonesty or breach of trust on the part of Louis J. Roussel, as Chairman of the Board of Directors for the National American Bank.
Subsequent to the hearing held by the Board of Governors, suit was brought by Louis Roussel against the Board of Governors for the Federal Reserve System in Civil Action No. 75-1044, United States District Court, Eastern District of Louisiana. In spite of the fact that the hearings before the Board were private, Roussel’s filing of the suit against the Board made much of the proceedings a matter of public record. A limited order was signed in Civil Action No. 75-1044, placing under seal and making unavailable to public inspection the exhibits filed by the Board of Governors of the Federal Reserve System in their administrative hearing entitled, “In the Matter of Louis J. Roussel and Louie J. Roussel, III, Officers and Directors, National American Bank of New Orleans, Louisiana.’’
To the extent that any of the documents requested have been placed under seal or attached to Roussel’s petition in Civil Action No. 75-1044, we uphold the trial court’s order to quash the production of such documents. However, with regard to those documents not placed under seal but made part of the hearing record, presuming they would otherwise be statutorily protected in favor of Roussel, we order their production for inspection by defendant in this case for the reason that Roussel, in effect, waived the protection afforded by 12 U.S.C. 1818(h)(1) when he introduced this matter into a new and public forum by filing the lawsuit against the Board. The Board has indicated its view by sealing only part of the hearing record.
Furthermore, any documents in the possession of Roussel relating to the Board hearing but not made part of the record of that private hearing are not entitled to the protection of 12 U.S.C. 1818(h)(1), for the reason that they were not in fact part of the hearing. These therefore are also ordered to be produced.
With regard to the second request, asking for documents arising out of the matter entitled, “C. Ellis Henican v. Louis J. Roussel, et al.,” Civil Action No. 69-2898, United States District Court for the Eastern District of Louisiana, the majority of the requested documents are a matter of public record in the above-numbered case. To the extent that the documents in- the possession of Roussel are also filed as a matter of public record and thus available, the order to quash production shall be maintained. Roussel contends that all other documents relevant to the Henican suit in his possession are covered by the attorney-client privilege, and thus are unavailable to the defendant. The trial court apparently quashed on this basis.
This is a much more difficult question to resolve. The attorney-client privilege is not absolute and may fall under appropriate circumstances. Eagle Industrial Assoc., Inc. v. Universal Oil Corp., 277 So.2d 720 (La.App.2d Cir. 1973). McCormick on Evidence at p. 199 states:
“Since the policy of the privilege is that of promoting the administration of justice, it would be a perversion of the privilege to extend it to the client who seeks advice to aid him in carrying out an illegal or fraudulent scheme. Advice given for those purposes would not be a professional service but participation in a conspiracy. Accordingly, it is settled under modern authority that the privilege does not extend to communications between attorney and client where the client’s purpose is the furtherance of a future intended crime or fraud. Advice secured in aid of a legitimate defense by the client against a charge of past crimes or past misconduct, even though he is guilty, stands on a different footing and such consultations are privileged. If the privilege is to be denied on the ground of unlawful purpose, the client’s guilty intention is controlling, though the attorney may have acted innocently and in good faith.
*283 “Must the judge, before denying the claim of privilege on this ground find as a fact, after a preliminary hearing if contested, that the consultation was in furtherance of crime or fraud? This would be normal procedure in passing on a preliminary fact, on which the admissibility of evidence depends, but here this procedure would facilitate too far the use of the privilege as a cloak for crime. As a solution, some courts have cast the balance in favor of disclosure by requiring only that the one who seeks to avoid the privilege bring forward evidence from which the existence of an unlawful purpose could reasonably be found. Even this limitation seems needless when, as is commonly the case, the examining counsel, has sufficient information to focus the inquiry by specific questions, thus avoiding any broad exploration of what transpired between attorney and client.” (Emphasis supplied and footnotes omitted.)
If Kohn can prove facts more consonant with a guilty purpose than with an innocent one on the part of Roussel, then the privilege does not obtain. However, Kohn is effectively estopped from “[bringing] forward evidence from which the existence of an unlawful purpose could reasonably be found” because of the sealed records, among other things, in the federal court relative to the Federal Reserve Board investigation in the subsequent suit filed by Roussel. The Federal Reserve Board, though, has alleged fraud in its Notice of Intention to Remove Officers or Directors under Financial Institutions Supervisory Act, a document dated July 11, 1974, consisting of 20 pages. Paragraphs 31 and 32 state as follows:
“31. In connection with the settlement of the Henican lawsuit, LOUIS J. ROUSSEL as Director and Chairman of the Board of Directors of the BANK, and LOUIE J. ROUSSEL, III as Director and President of the BANK also caused the BANK to disburse $500,000 by a cashier’s check payable to bearer for the benefit of themselves. This check was ultimately delivered to C. Ellis Henican as part of the settlement of the lawsuit.
“32. Such disbursal of the $500,000 constitutés a willful misapplication of funds of the BANK in violation of 18 U.S.C. § 656.”
In order to prove these allegations, the Board had to submit evidence to the appropriate administrative officer hearing the case. It is this evidence, however, which is under seal by the federal court. Further, the attorney who represented Roussel at the time, Clem Sehrt, is deceased.[1] Hence, we are faced with a dilemma.
Under these circumstances, we believe justice requires that the trial court hold an in camera hearing with counsel for both parties to review the documents and other evidence argued to be covered by the privilege, to determine the following:
(1) If, under normal circumstances, they are in fact covered by the privilege;
(2) If they are, whether the privilege must fall because that evidence relates to the furtherance of future intended fraud, as alleged in Paragraphs 31 and 32 of the Board charges, rather than to counsel as to charges of past misconduct.
If the Court concludes that the privilege obtains, the trial judge shall reinstate the motion to quash. If the privilege, for any reason, does not obtain, the trial judge shall order the evidence produced under an appropriate protective order.
The subpoena directed to the National American Bank pursuant to Article 1442 of the Code of Civil Procedure requested designation of an officer to testify with respect to the negotiations leading up to and the execution of the settlement of the case entitled “C. Ellis Henican v. Louis J. Roussel, et al.,” and the investigation of the Board of Governors of the Federal Reserve System proceedings entitled “In the Matter of Louis J. Roussel, et a 1.” Good cause *284 having been shown by the defendant, this deposition is ordered to take place at a time and place set by the trial court.
The subpoena duces tecum issued to the National American Bank requested the production of documents concerning:
(1) Negotiations leading up to settlement of the Henican case;
(2) Any payments made to C. Ellis Heni-can between December 1, 1971 and July 1, 1972;
(3) Minutes of the bank board meeting for November 13, 1968;
(4) Minutes of the bank board meeting for November 25, 1970;
(5) Copies of any cease-and-desist order or consent decree affecting the bank;
(6) All documents pertaining to the Federal Reserve system action entitled “In the Matter of Louis J. Roussel, etc.”; and
(7) One document for each date containing lists of members of directors and shareholders as of November 13, 1968; November 25,1970; December 5, 1971; and the date of the issuance of the subpoena duces tecum.
The first request in the subpoena duces tecum to the Bank specifically requests:
“1) All documents pertaining to the negotiation of and settlement of proceedings entitled, ‘C. Ellis Henican v. Louis Roussel, et als,’ No. 69-2898 on the Docket of the United States District Court, Eastern District of Louisiana, including but not limited to: (a) the settlement agreement resulting in the dismissal of said case on December 5, 1971; (b) any release executed by any party in connection with that settlement; (c) any correspondence forming part of negotiations or referring to such settlement negotiations whether by the National American Bank or an officer or other agent or employee thereof, or directed to the National American Bank; (d) a copy of any check, back and front, negotiated or transferred in connection with the settlement; (e) all ledgers, accounts, books and records of the bank reflecting any such payment in settlement; (f) financial statements for calendar years 1972 and 1973, whether prepared for the benefit of stockholders or other parties, reflecting said payment; (g) resolutions of the Board of Directors authorizing settlement.”
The Court disposes of this first request as follows:
(a) & (b) These documents should be available in the record of “C. Ellis Henican v. Louis Roussel, et al.,” C.A.No.69-2898 on the docket of the United States District Court for the Eastern District of Louisiana. The motion to quash is proper here. However, if said documents were not filed in the record and are in the Bank’s possession, they must be produced. C.C.P. Arts. 1354; 1461; 1463.
(c) Correspondence for which a claim of privilege is entered will be governed by the court’s decision on the attorney-client privilege, discussed above. Other correspondence will be produced. C.C.P. Art. 1354; 1461; 1463.
(d) A copy of any check, back and front, negotiated or transferred in conjunction with the said settlement, or in payment of any sums due in accordance with the settlement, will be produced. C.C.P. Arts. 1354; 1461; 1463.
(e) All ledgers, accounts, books,, and records of the Bank reflecting any such payment in settlement will be produced. C.C.P. Arts. 1354; 1461; 1463.
(f) Financial statements for calendar years 1972 and 1973, whether prepared for the benefit of stockholders or other parties, reflecting such payment, will be produced. C.C.P. Arts. 1354; 1461; 1463.
(g) Resolutions of the Board of Directors authorizing the settlement will be produced. C.C.P. Arts. 1354; 1461; 1463.
The production of these documents in item 1) is limited solely to the extent of those portions relevant to the settlement of the Henican case.
The second request in the subpoena duces tecum specifically states:
*285 “2) Any payment made to C. Ellis Hen-ican by the National American Bank for any purpose whatever between December 1, 1971, and July 1, 1972, including (a) a copy of any check, back and front, negotiated or transferred to the said C. Ellis Henican; (b) all ledgers, accounts, books and records of the bank reflecting any such payment; (c) financial statements for calendar years 1972 and 1973, whether prepared for the benefit of stockholders or other parties, reflecting said payments; and (d) resolutions of the Board of Directors authorizing payment.”
The Court disposes of the second request as follows:
The request for documents concerning any payment made to C. Ellis Henican by the National American Bank between December 1, 1971 and July 1, 1972 is granted. C.C.P. Art. 1354; 1461; 1463. This shall be limited, however, to only the relevant portions of those documents requested.
The third and fourth requests specifically state:
“3) All minutes of the meeting of the Board of Directors of the National American Bank for November 13, 1968, as as well as all attachments referred to therein.”
“4) All minutes of meetings of the Board of Directors for the National American Bank of November 25, 1970, as well as all attachments thereto or any documents referred to therein.”
The Court disposes of the third and fourth requests as follows:
The request for the minutes of the meetings of the Board of Directors of the National American Bank for November 13, 1968 and November 25, 1970 shall be produced, with the restriction that only the relevant portions shall be available for inspection by defendants. Any attachments thereto, or any documents referred to therein, shall be produced only if relevant to the issues herein. C.C.P. Arts. 1354; 1461; 1463.
The fifth request specifically states:
“5) A true and exact copy of any cease and desist order or any consent decree affecting the National American Bank as a result of agreement or final adjudication by any Federal Regulatory Agency, including the Board of Governors of the Federal Reserve System, and all correspondence pertaining thereto whether prepared by the National American Bank or any officer or employee thereof, or directed to the National American Bank.”
The Court disposes of the fifth request as follows:
The request for a true and exact copy of any cease-and-desist order or any consent decree affecting the National American Bank as a result of agreement or final adjudication by a federal regulatory agency, and all correspondence pertaining thereto, is denied. The defendant has failed to show that Roussel was a party to any proceeding involving a cease-and-desist order, and therefore there is a lack of relevance shown.
The sixth request specifically states:
“6) Copies of all documents, including affidavits, depositions, exhibits, proposed exhibits, reports of investigations, correspondence, findings, opinions and other documents pertaining to the proceedings before the Board of Governors of the Federal Reserve System styled, “In the Matter of Louis J. Roussel and Louis J. Roussel, III, Officers and Directors, National American Bank of New Orleans, Louisiana,” commenced in or shortly after the calendar year 1974.”
The Court disposes of the sixth request as follows:
The same request has been made of Mr. Roussel himself, and production has been ordered by this Court. To request these documents of the Bank would be a duplication and therefore is denied. If, however, the documents ordered produced from Roussel under the analysis of this Court are in the possession of the Bank rather than of Roussel, they shall be produced by the Bank. C.C.P. Arts. 1354; 1461; 1463.
*286 The seventh request specifically states:
“7) One document each containing a list of, or information revealing, names and addresses of (a) members of the Board of Directors; and (b) shareholders of National American Bank as of the following dates:
1) November 13, 1968;
2) November 25, 1970;
3) December 5, 1971;
4) The date of receipt of this subpoena.”
The Court disposes of the seventh request as follows:
The request for shareholder lists and Board of Directors member lists for these dates shall be granted. C.C.P. Arts. 1354; 1461; 1463.
The Court is aware that much of the information contained in the documents requested from the National American Bank is of a confidential nature. However, this information is relevant to this case, and has been shown to be necessary to the defendant for the preparation of his defense.
For these reasons, it is felt that the documents sought from the Bank should be produced for inspection by defendant, and that the confidentiality of these matters may be properly protected by the issuance of a protective order by the trial court in accordance with the provisions of Article 1426, Code of Civil Procedure.
Accordingly,
IT IS ORDERED that the Honorable Paul P. Garofalo, Judge of the Civil District Court for the Parish of Orleans, set aside that portion of his judgment of December 2, 1977 quashing production of documents, as is indicated herein, and further that he order production of documents and protective orders, where appropriate, consistent with this opinion.
WRIT GRANTED.

. As there was no specific request for relevant files in the possession of the estate of Clem Sehrt, we have not addressed ourselves to the issue of their discoverability.