ON APPLICATION FOR WRITS
KLIEBERT, Judge.
In January 1980 the plaintiff, Nelson La-Burre, was given three blood transfusions while hospitalized at the East Jefferson General Hospital. Subsequently he was informed he had hepatitis which was contracted from a blood transfusion. He brought a tort action against East Jefferson General Hospital (hereafter East Jefferson) and others. Ultimately Mercy Hospital (hereafter Mercy), who had supplied the blood for one transfusion, and the Blood Bank of Southeast Louisiana (hereafter Blood Bank), which had supplied two other units, were also made defendants.
Mercy issued a subpoena duces tecum to the Blood Bank. Although the subpoena is *1072 not in the record, counsel for Mercy stated the language of the subpoena under which the names of the blood donors were requested reads as follows: “all records relating to the blood supply which was ultimately transfused into [plaintiff including but not limited to information relative to testing, screening, processing, purchasing, selling, transferring and storing of said blood.” The Blood Bank supplied the donor cards, but with the name and address of the donors whited out. It also supplied a screening sheet and questionnaire answered two years after the donation, relative to the donors’ health, including whether he had hepatitis or symptoms of hepatitis. All information so supplied indicated a negative response concerning the past symptoms of hepatitis from donors.
Mercy filed a motion to compel disclosure of the name and address of the donors and for contempt. The trial judge denied the motion. Mercy filed a writ application in an attempt to discover the names and addresses of the two blood donors who supplied the blood furnished by the Blood Bank.
We granted a writ of review, obtained a response from the Blood Bank, and permitted the filing of an Amici Curiae brief by the American National Red Cross, American Association of Blood Centers, and Counsel of Blood Bank Centers (hereinafter collectively Amici Curiae).
Mercy contends it must have the opportunity to depose the individuals who donated blood to determine whether these individuals, either prior to or after the blood transfusion, had contracted hepatitis. According to Mercy’s counsel, this discovery is not only necessary, it is essential to Mercy’s defense of the plaintiff’s action. On the other hand, the Blood Bank contends that under the. provisions of LSA-R.S. 13:3734[1] the communications between a health care provider and a patient are privileged except when the patient is a party to the litigation in which the medical condition of the patient is in dispute.
Moreover, Mercy and the Amici Curiae urge that even in the absence of a protective state statute, the federal and state constitutions protect the individual’s right of privacy by prohibiting disclosure of sensitive medical information. In support of this position is cited, among others, Rasmussen v. South Florida Blood Service, Inc., 500 So.2d 533 (Fla.1987), a case in which the court barred disclosure of the name and address of the blood donor, where plaintiff alleged having acquired “Aids” from the transfusion.
In essence, the litigants and the Amici Curiae seek a resolution of the problem at issue here through a final and definitive *1073 determination of whether the constitutionally protected “right of privacy” encompasses an absolute bar to the disclosure of the name and address of a blood donor. Although we conclude LSA-R.S. 13:8734 is not applicable here, we do not agree such a final and definitive ruling is required to resolve the problem presented. Rather, we think it is a question of balancing the need for the disclosure, the donors’ rights of privacy, and the ultimate effect of disclosure or failure to disclose on the public welfare, under the particular situation in which disclosure is sought.
In this instance, we believe the names of the blood donors can and should be disclosed and doing so would not cause undue injury to the public welfare. Moreover, once the donors’ names are disclosed, if their depositions are sought, protective orders to limit the extent of the inquiries and/or to protect donors’ rights of privacy may be issued. See Roussel v. Oklahoma Publishing Company, 357 So.2d 279 (4th Cir.1978).
Accordingly, we set aside the ruling of the trial judge and order the Blood Bank of Southeast Louisiana to disclose the names of the two blood donors. In the event depositions are sought, the trial judge is instructed, pursuant to the provisions of Code of Civil Procedure Article 1426, to issue such protective orders as he may deem necessary to limit the extent of the inquiries and/or to protect the privacy of the donors as he may deem necessary.

.LSA-R.S. 13:3734 provides in pertinent part as follows, to-wit:
A.As used in this Part:
(1) "Health care provider” means a hospital, as defined in Paragraph (3) hereof, and means a person, corporation, facility, or institution licensed by the state to provide health care or professional services as a physician, hospital, dentist, registered or licensed practical nurse, pharmacist, optometrist, podiatrist, chiropractor, physical therapist, psychologist, or licensed professional counselor and an officer, employee, or agent thereof acting in the course and scope of his employment.

******

B.Except as hereinafter provided, in civil cases, proceedings before a medical review panel, pursuant to R.S. 40:1299.47 and in medical and dental arbitration proceedings, pursuant to R.S. 9:4230-4236, and in proceedings and investigation preliminary to all such actions, a patient or his authorized representative, has a privilege to refuse to disclose and. to prevent a health care provider from disclosing any communication, wherever made, relating to any fact, statement or opinion which was necessary to enable that health care provider or any other health care provider to diagnose, treat, prescribe or act for the patient.
C.There shall be no privilege for any communication under this Section in the following circumstances to the extent indicated:
******
The exceptions under Sub-part C above may be summarized as follows:
1. Before or after probate when the validity of a will of a patient is at issue; § C(l)
2. If, after the death of a patient, the dece-. dent’s representative brings an action to recover damages for the patient's death; § C(2)
3. If a patient brings an action in tort or worker’s compensation; § C(3)
4. If an action is filed following the death of a patient; § C(4)
5. If a health care provider reasonably believes such an action has or may be brought on behalf of a patient; § C(5).